**XING YOUNG YANG, Petitioner,**

v.

**BUREAU OF CITIZENSHIP AND IMMIGRATION SERVICES,
Respondent.**

**No. 04–1436–AG.**

United States Court of Appeals,
Second Circuit.

Feb. 3, 2006.

Theodore N. Cox, New York, New York, for Petitioner.

Kenneth L. Weinstein, United States Attorney for the District of Columbia, Madelyn E. Johnson, Suzanne G. Curt, Assis-

tant United States Attorneys, Washington D.C., for Respondent.

PRESENT: Hon. JOHN M. WALKER, Jr., Chief Judge, Hon. RALPH K. WINTER, and Hon. ROBERT D. SACK, Circuit Judges.

## SUMMARY ORDER

Xing Young Yang, a native and citizen of China, petitions for review of a BIA decision affirming an immigration judge's ("IJ's") denial of asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA summarily affirms the IJ, we review the IJ's decision as the final agency determination. *See, e.g., Twum v. INS*, 411 F.3d 54, 58 (2d Cir. 2005). We review factual findings under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 (2d Cir.2004); *Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003).

In this case, the IJ noted a variety of implausibilities and inconsistencies in Yang's testimony, which Yang failed to adequately explain: (1) that he and his wife remained at home during the pendency of her alleged pregnancy even though they knew that the likely result of the pregnancy being discovered would have been that his wife would have had a forced abortion performed on her; (2) that his family remained at home for almost one month after his wife told him that authorities would be returning to have either one of them submitted for sterilization; and (3) that Yang and his family were able to escape their home out the back door while family planning officials were present. Yang's testimony and asylum application were also not consistent with his airport interview, which failed to mention his wife's abortion, a main factor in his claim for asylum.

The IJ correctly determined that there is nothing in the record of proceedings that would differentiate Yang's CAT claim from his asylum claim. Substantial evidence supports the IJ's finding that Yang provided no support for his claim that he would likely be tortured upon return to China.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).